UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

JEAN RIOS,                                              14-CV-06992(SLT)(CLP)

                          Plaintiff,           **AMENDED COMPLAINT**

                                               PLAINTIFF DEMANDS
        -against-                              TRIAL BY JURY

THE CITY OF NEW YORK, POLICE OFFICER
ANGELO ROSSIGNOLO, Shield #16314, DMITRY
DURETS, Shield # 00390, SVIATOSLAV KLIMENKO,
Shield # 14295.POLICE OFFICERS JANE/JOHN
DOE(S) #s 1-10,
                          Defendants.
_____X

        Plaintiff JEAN RIOS, for his complaint, by his attorney DAVID A. ZELMAN, upon

information and belief, respectfully alleges as follows:

## I. PRELIMINARY STATEMENT

1.   This is a civil rights action in which Plaintiff JEAN RIOS (hereinafter "RIOS" or

     "Plaintiff") seeks damages to redress the deprivation, under color of state law, of rights

     secured to him under the Fourth, Fifth, and Fourteenth Amendments of the United States

     Constitution. On or about May 7, 2014, RIOS was falsely arrested with excessive force

     by employees of the City of New York, including but not limited to Police Officer

     Angelo Rossignolo, Shield #16314. As a result of the violation of his constitutional

     rights, RIOS suffered physical and mental injuries.

## II. JURISDICTION

2.   Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides

     for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and

     by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the

     Constitution and laws of the United States.  This Court has pendant jurisdiction over

Plaintiff's state law claims.

## III. PARTIES

3.  RIOS at all times relevant hereto resided in KINGS, NY.

4.  Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

5.  Defendant POLICE OFFICER ANGELO ROSSIGNOLO, (hereinafter "ROSSIGNOLO") was a NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of their employment.  ROSSIGNOLO is sued in his official and individual capacity.

6.  Defendant POLICE OFFICER  DMITRY DURETS  , (hereinafter "DURETS") was a NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of their employment.  DURETS is sued in his official and individual capacity.

7.   Defendant POLICE OFFICER SVIATOSLAV KLIMENKO (hereinafter "KLIMENKO") was a NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of their employment.  KLIMENKO  is sued in his official and individual capacity.

8.  Defendants POLICE OFFICERS JOHN/JANE DOE(S) (hereinafter "DOE(S)") were NYPD police officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of their employment. DOE(S) are sued in their official and individual capacity.

9.  At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

IV. FACTS

10. On or about May 7, 2014, at approximately 10:00 P.M., RIOS was driving a vehicle at or near the intersection of East 2nd Street and Avenue S in Brooklyn, NY when he was stopped by a patrol car.

11. RIOS was approached by employees of the City of New York, including but not limited to Defendant ROSSIGNOLO.

12. RIOS was removed from the vehicle with excessive force by Defendants.

13. Defendants handcuffed RIOS and assaulted him. RIOS suffered injuries, including but not limited to, his face, scalp, and neck, and required stitches.

14. RIOS was transported to the 61st Precinct where he was held for approximately 15 minutes before being transported to Coney Island Hospital.

15. RIOS was transported back to the 61st Precinct at approximately 3:00 A.M., and held for approximately 5 hours before being transported to Central Booking.

16. RIOS was held at Central Booking for approximately 27 hours prior to being arraigned.

17. That heretofore and on the 29th day of May, 2014, RIOS's Notice of Claim and Intention to sue was duly served upon and filed with the CITY; said Notice was filed within ninety

3

(90) days after the cause of action herein accrued and set forth the name and post office address of RIOS, the nature of the claim, the time when, the place where, the manner in which the claim arose and the items of damage and injuries sustained.

18. That at least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to CITY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof.

## V. FIRST CAUSE OF ACTION
### Pursuant to §1983 (EXCESSIVE FORCE)

19. Paragraphs 1 through 18 are hereby realleged and incorporated by reference herein.

20. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

21. That Defendants had no legal cause or reason to use excessive force in effectuating RIOS's arrest or after RIOS was arrested and in custody.

22. That Defendants violated RIOS's Fourth and Fourteenth Amendment right to be free from unreasonable seizures when they used excessive force against him.

23. That at the time of the arrest or while in custody, RIOS did not pose a threat to the safety of the arresting officers.

24. That RIOS was not actively resisting arrest or attempting to evade arrest.

25. That Defendant CITY, through its officers, agents, and employees, unlawfully subjected RIOS to excessive force while effectuating his arrest.

26. That Defendants' actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

4

27.   That by reason of Defendants acts and omissions, acting under color of state law and within the scope of his authority, in gross and wanton disregard of RIOS's rights, subjected RIOS to excessive force while effectuating his arrest, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

28.   That Defendants had the opportunity to intervene, and failed to do so, to prevent violations of RIOS's civil rights, including but not limited to the right to be free from the application of excessive force.

29.   That upon information and belief, in 2014, Defendants and CITY had a policy or routine practice of using excessive force when effectuating arrests.

30.   That upon information and belief, it was the policy and/or custom of defendant CITY to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

31.   That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

32.   That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant CITY to the constitutional rights of arrestees and were the cause of the violations of RIOS's rights alleged herein.

33.   By reason of the foregoing, RIOS suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries.  All of said injuries may be permanent.

5

VI. <u>SECOND CAUSE OF ACTION</u>
Pursuant to State Law (EXCESSIVE FORCE)

34.   Paragraphs 1 through 33 are hereby realleged and incorporated by reference herein.

35.   That the incident that resulted from the intentional application of physical force by

Defendants constituted a seizure.

36.   That the use of excessive force in effectuating the seizure was unreasonable under the

circumstances.

37.   That Defendants had no legal cause or reason to use excessive force in effectuating

RIOS's arrest or after RIOS was arrested and in custody.

38.   That at the time of the arrest, RIOS did not pose a threat to the safety of the arresting

officers.

39.   That RIOS was not actively resisting arrest or attempting to evade arrest.

40.   That Defendants' actions were grossly disproportionate to the need for action and were

unreasonable under the circumstances.

41.   That by reason of Defendants acts and omissions, Defendants, acting under color of state

law and within the scope of their authority, in gross and wanton disregard of RIOS's

rights, subjected RIOS to excessive force while effectuating his arrest, in violation of the

laws of the State of New York.

42.   That Defendants had the opportunity to intervene, and failed to do so, to prevent

violations of RIOS's civil rights, including but not limited to the right to be free from the

application of excessive force.

43.   By reason of the foregoing, RIOS suffered physical injuries, mental injuries, emotional

injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other

psychological injuries.  All of said injuries may be permanent.

6

## VII. THIRD CAUSE OF ACTION
### Pursuant to §1983 (FAILURE TO INTERVENE)

44.  Paragraphs 1 through 43 are hereby realleged and incorporated by reference herein.

45.  That Defendants failed to intervene when Defendants knew or should have known that RIOS's constitutional rights were being violated.

46.  That Defendants had a realistic opportunity to intervene on behalf of RIOS, whose constitutional rights were being violated in their presence.

47.  That a reasonable person in the Defendants' position would know that RIOS's constitutional rights were being violated.

48.  That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of RIOS's rights, deprived RIOS of his liberty when they failed to intervene to protect him from Defendants' use of excessive force, in violation of RIOS's rights pursuant to Fourteenth Amendment of the United States Constitution.

49.  That upon information and belief, Defendants had a policy and /or custom of failing to intervene to protect citizens from excessive force by police officers. Thus, as a result of the above described policies and customs, RIOS was not protected from Defendants' unconstitutional actions.

50.  That upon information and belief it was the policy and/or custom of defendant CITY to inadequately hire, train, supervise, discipline and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

51.  That as a result of the above described policies and customs, defendant CITY, its staff, agents and employees of defendant CITY believed that their actions would not be

properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

52.   That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of detainees and were the cause of the violations of RIOS's rights alleged herein.

53.   That in so acting, defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

54.   That by reason of the foregoing, RIOS suffered physical and psychological injuries, traumatic stress, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

VIII.  FOURTH CAUSE OF ACTION
Pursuant to State Law (RESPONDEAT SUPERIOR)

55.   Paragraphs 1 through 54 are hereby realleged and incorporated by reference herein.

56.   That Defendants were acting in furtherance of the duties owed to their employer, defendant CITY.

57.   That at all times Defendants were acting within the scope of their employment.

58.   That Defendant CITY was able to exercise control over Defendants activities.

59.   That Defendant CITY is liable for Defendants actions under the doctrine of respondeat superior. By reason of the foregoing, RIOS suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

IX.  FIFTH CAUSE OF ACTION
Pursuant to State Law (Assault and Battery)

60.   Paragraphs 1 through 59 are hereby realleged and incorporated by reference herein.

61.     That Defendants intended to cause harmful bodily contact to RIOS.

62.     That defendant Defendants, in a hostile manner, voluntarily caused RIOS'S injuries.

63.     That Defendants' contact with RIOS constituted a battery in violation of the laws of the State of New York.

64.     That by reason of the foregoing, RIOS suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## X. SIXTH CAUSE OF ACTION
### Pursuant to § 1983 (EXCESSIVE PRE-ARRAIGNMENT DETENTION)

65.     Paragraphs 1 through 64 are hereby realleged and incorporated by reference herein.

66.     That Defendants had no legal cause nor excuse to detain Plaintiff for a prolonged period prior to arraignment.

67.     That Defendants detained Plaintiff excessively prior to arraignment in violation of Plaintiff's civil rights.

68.     That Defendants detained Plaintiff with ill will and/or negligently.

69.     That Defendants should have expeditiously investigated this matter and released Plaintiff.

70.     By reason of Defendant's acts and omissions, Defendants, acting under color of state law and within the scope of its authority, in gross and wanton disregard of Plaintiff's rights, deprived Plaintiff of his liberty when it subjected him to an unlawful, illegal and excessive detention, in violation of his due process rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

71.     That in so acting, Defendant CITY, abused its power and authority as policymaker of the New York City Police Department under the color of State and/or local law.

72.   That upon information and belief, in 2014, Defendant CITY had a policy or routine practice of detaining and imprisoning individuals for excessive periods prior to arraignment.

73.   That upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately train and supervise their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

74.   That as a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

75.   That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant NYPD to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

76.   That Defendant, through its officers, agents and employees, unlawfully incarcerated Plaintiff for an excessive period of time prior to arraignment.

77.   By reason of the foregoing, Plaintiff suffered mental injuries, economic injury, deprivation of property, liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

XI. <u>SEVENTH CAUSE OF ACTION</u>
Pursuant to State Law (PRE-ARRAIGNMENT DELAY)

78.   Paragraphs 1 through 77 are hereby realleged and incorporated by reference herein.

79.   Defendants negligently and/or intentionally failed to arraign Plaintiff promptly following his arrest as required by New York State and Federal laws, rules, regulations and statutes.

10

80.     Said failure to promptly arraign Plaintiff caused his arrest to be void ab initio.

81.     As a result of the above constitutionally impermissible conduct, plaintiff was caused to

        suffer personal injuries, violation of civil rights, economic damages, emotional distress,

        anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and

        standing within his community.

XII.  EIGHTH CAUSE OF ACTION
Pursuant to § 1983 (ILLEGAL INVESTIGATORY DETENTION)

82.     Paragraphs 1 through 81 of this complaint are hereby realleged and incorporated by

        reference herein.

83.     That Defendants stopping RIOS and removing him from his vehicle constituted a seizure.

84.     That Defendants had neither valid evidence nor legal cause or excuse to seize and detain

        RIOS.

85.     That in detaining RIOS without reasonable suspicion that criminal activity had occurred

        or was about to occur, Defendant CITY abused its power and authority as a policymaker

        of the NYPD under the color of State and/or local law. It is alleged that CITY, via their

        agents, servants and employees routinely stopped persons without reasonable suspicion

        of criminal activity.  RIOS was but one of those persons.

86.     Upon information and belief, it was the policy and/or custom of Defendant CITY to

        inadequately supervise and train its officers, staff, agents and employees, thereby failing

        to adequately discourage further constitutional violations on the part of their officers,

        staff, agents and employees.

87.     As a result of the above described  policies and customs, the officers, staff, agents and

        employees of Defendant CITY believed that their actions would not be properly

11

monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

88. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of RIOS's rights alleged herein.

89. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of RIOS's rights, subjected RIOS to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

90. By reason of the foregoing, RIOS suffered physical injuries, mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

XIII.  NINTH CAUSE OF ACTION
Pursuant to State Law (ILLEGAL INVESTIGATORY DETENTION)

91. Paragraphs 1 through 90 are hereby realleged and incorporated by reference herein.

92. That Defendants stopping RIOS and removing him from his vehicle constituted a seizure.

93. That the seizure of RIOS was unlawful in that Defendants had no reasonable suspicion to detain him.

94. That Defendants lacked reasonable suspicion that RIOS committed a crime or was about to commit a crime.

95. That RIOS's actions prior to being stopped by Defendants were innocuous and readily susceptible of an innocent interpretation.

96.     By reason of Defendants acts and omissions, Defendants, acting in gross and wanton disregard of RIOS's  rights, deprived him of his liberty when they subjected him to an unlawful, illegal and excessive detention, in violation of State law.

97.     That by reason of the foregoing, RIOS suffered physical injuries, mental injuries, economic injury, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries.  All of said injuries may be permanent.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, RIOS has suffered and will continue to suffer economic injuries, physical pain, emotional pain, suffering, permanent disability, inconvenience, injury to his reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, RIOS respectfully requests that judgment be entered:

1.     Awarding RIOS compensatory damages in a full and fair sum to be determined by a jury;

2.     Awarding RIOS punitive damages in an amount to be determined by a jury;

3.     Awarding RIOS interest from May 7, 2014;

4.     Awarding RIOS reasonable attorney's fees pursuant to 42 USC § 1988; and

5.     Granting such other and further relief as to this Court deems proper.

Dated: Brooklyn, New York
       March 11, 2015

DAVID A. ZELMAN, ESQ.
(DZ 8578)
612 Eastern Parkway
Brooklyn, New York 11225
(718) 604-3072